IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LILLY A. REMLINGER,           )<br>                              )<br>    Plaintiff,                 )<br>                              )<br>    v.                        )<br>                              )<br>COMMISSIONER OF SOCIAL SECURITY,  )<br>                              )<br>    Defendant.                )  | Case No. 3:05-cv-608-DRH |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a)(3) for a Report and Recommendation on the Issue of Service of Process. For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

The plaintiff, Lilly A. Remlinger, filed her *pro se* complaint for a review of the Commissioner of Social Security's decision denying disability benefits on August 22, 2005. She did not seek to proceed *in forma pauperis* and the Clerk of Court issued summons on the same date at the filing of the complaint. As there was no indication in the docket that the plaintiff has served the defendant with a copy of the complaint and summons, this Court, on April 4, 2006, ordered the plaintiff to either file proof of service or effect service by April 21, 2006. The plaintiff was warned that the failure to do so would result in a recommendation that this matter be dismissed, without prejudice, for want of service. As of the date of this Report and Recommendation, no return of service has been filed, the plaintiff has not responded to this

Court's order, and no defendant has entered an appearance.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 4(m) provides that service of process must be made within 120 days of the filing of the complaint. The failure to timely serve a defendant can result in the dismissal of the unserved defendant. The Court may extend the time of service for good cause shown. The 120 day period elapsed in this case on December 20, 2005. The plaintiff was granted until April 21, 2006 to effect service and was specifically referred to Federal Rule of Civil 4(i) for instructions on serving an agency of the United States. The plaintiff has not requested additional time and there has been no showing of good cause for any further extension of this deadline. Therefore, pursuant to Rule 4(m), it is Recommended that this matter be dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: May 17, 2006**

                                        **s/ Donald G. Wilkerson**
                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**